UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARVIN C. ARNOLD,

    Plaintiff,

       v.

ROBERT SPEER, Acting Secretary of the
Army, *et al.*,

    Defendants.

Civil Action No. 16-2207 (JEB)

## MEMORANDUM OPINION

*Pro se* Plaintiff Marvin Arnold worked as a social worker for the U.S. Army. He brought

this action under the Age Discrimination in Employment Act, alleging principally that he was

unfairly deprived of a promotion and constructively discharged. Denying such discrimination,

the Secretary of the Army now moves to dismiss the suit. Because Plaintiff has failed to

sufficiently allege facts showing that his <u>age</u> motivated the alleged discrimination, the Court will

dismiss the Complaint without prejudice, but allow Arnold the opportunity to further amend that

pleading.

## I.    Background

Plaintiff has worked overseas for many years as a family-advocacy-program therapist on

behalf of the Army, most recently in Germany. <u>See</u> ECF No. 1 (Complaint) at 10. He "had to

deal with persistent Age Discrimination throughout his tenure from June, 2009 through October,

2013." ECF No. 11 (Amended Complaint) at 3. More specifically, "Plaintiff applied many

times for promotional opportunities and simple lateral transfer to other jobs but the Age and

Race Discrimination were profound in the supervisory chain." <u>Id.</u> His Amended Complaint

listed four Defendants and several potential causes of action, but Plaintiff narrowed his suit in response to Defendants' Motion to Dismiss, voluntarily dismissing his Title VII cause of action and all Defendants other than the Secretary of the Army. See ECF No. 17 (Motion to Strike). All that remains extant, therefore, is his age-discrimination claim.

Plaintiff's central allegation focuses on his non-selection for the position of Supervisory Social Worker in Vilseck, Germany. See ECF No. 11-3 (EEOC Decision) at 1-2. His concern is that the selectee for the job was unqualified or at least less qualified than Arnold himself. See ECF No. 19 (Opp.) at 5 ("What the Army, the EEOC and the Defendant ha[ve] done is to concede that the person who was hired was not qualified and in effect this is an acknowledgment that Discrimination did occur per the ADEA."). He concludes that the only explanation for the decision to select a less-qualified applicant is discrimination. Id. Plaintiff further alleges that he was denied an extension of time on his initial tour and was eventually constructively forced to resign from his position. See Am. Compl. at 3. Arnold contends that each of these acts constitutes discrimination under the ADEA. Defendant now moves to dismiss the entire Amended Complaint.

## II.    Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of an action where a complaint fails to "state a claim upon which relief can be granted." Although the notice pleading rules are "not meant to impose a great burden on a plaintiff," Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005), and "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), "a complaint must contain sufficient factual matter, [if] accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation omitted). Plaintiff

must put forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and there must be "more than a sheer possibility that a defendant has acted unlawfully." Id.

As it must at this stage, the Court treats all of the facts in the Complaint as true. Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000). In evaluating the sufficiency of Plaintiff's Complaint under Rule 12(b)(6), the Court may consider the facts set forth in Plaintiff's Opposition to the Motion to Dismiss as well as "the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." Equal Emp't Opportunity Comm'n v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997); see Brown v. Whole Foods Mkt. Grp., Inc., 789 F.3d 146, 152 (D.C. Cir. 2015). Although a plaintiff may survive a 12(b)(6) motion even if "recovery is very remote and unlikely," the facts alleged "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555-56 (citation omitted).

## III. Analysis

In moving to dismiss, Defendant sets out three arguments: failure to exhaust, failure to state a claim, and improper types of damages. The Court looks at each separately.

The government first maintains that Plaintiff has not completed the administrative process with the Equal Employment Opportunity Commission in relation to two of his claims — the denial of an extension of time on his initial tour and the subsequent constructive resignation — and that those claims are therefore barred by the exhaustion doctrine. See ECF No. 14 (MTD) at 3. "[E]xhaustion requirements, however, are not jurisdictional" in an ADEA case, and the burden of pleading and proving insufficient exhaustion thus falls on the defendant. Huang v. Wheeler, No. 16-398, 2016 WL 6108497, at *6 (D.D.C. Oct. 19, 2016) (citing Artis v. Bernanke,

3

630 F.3d 1031, 1034 n.4 (D.C. Cir. 2011); <u>Bowden v. United States</u>, 106 F.3d 433, 437 (D.C. Cir. 1997)).  Here, Arnold has not specifically conceded a failure to exhaust these claims, and thus such a defense is appropriately considered at the summary-judgment stage rather than at this juncture.  <u>Id.</u>  These claims, accordingly, cannot be dismissed solely for a lack of exhaustion.  That said, Arnold should be aware that he must ultimately refute the government's argument that he has not exhausted each discrete claim of discrimination.

Defendant gains more traction with its next position, which concerns the insufficiency of the facts pled to support an age-discrimination claim.  The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."  29 U.S.C § 623(a)(1).  People forty years and older are included in the protected class.  <u>Id.</u> § 631(a).  Plaintiff, born in 1945, thus belongs.

Taking his factual assertions as true, the Court could potentially agree that Arnold was treated unfairly, but there are not sufficient allegations demonstrating that such treatment stemmed from discrimination on the basis of <u>age</u>.  <u>See</u> <u>Burford v. Yellen</u>, No. 15-2074, 2017 WL 1214398, at *12 (D.D.C. Mar. 31, 2017) ("The Amended Complaint presents no facts to tie these difficult interpersonal events to age or sex. . . .  While these experiences may have been frustrating . . . , the Amended Complaint does not allege legally-cognizable actions."); <u>Lurensky v. Wellinghoff</u>, 167 F. Supp. 3d 1, 15 (D.D.C. 2016) ("Plaintiff's age-discrimination complaint is that she is 64-years-old, and that there is reason to believe her age must have been a factor in the workplace.  Those allegations – a textbook example of the kind of 'naked assertions' prohibited by <u>Iqbal</u> – are insufficient to support the initiation of discovery, and so the Court will grant defendant's motion to dismiss plaintiff's age discrimination claims.").

Plaintiff's Amended Complaint relies on inferences unsupported by facts and contains little or no mention of how the Army's alleged conduct constitutes age discrimination. Aware of his *pro se* status, the Court has looked beyond the Amended Complaint in search of a sufficient factual basis to support his cause of action. See Brown, 789 F.3d at 152. Still, the relief Plaintiff seeks eludes his grasp. The closest he comes to alleging facts indicating discrimination based on his age is through an allegation that he was "called out in an administrative meeting about his age," Opp. at 5, and that there was an incident "that occurred in October 2009 in which Plaintiff was laughed at because of his age." Id. Yet neither of these allegations is ever tied to the adverse actions of which he complains. In order to proceed, Plaintiff must allege more specific facts that lay out what happened, who was involved (including, *e.g.*, the age of the person who was actually promoted), and how such conduct constitutes age discrimination.

As opposed to dismissing the entire action, however, the Court will dismiss only the Complaint and give Arnold another chance to make the showing laid out above. See Ciralsky v. CIA, 355 F.3d 661, 666 (D.C. Cir. 2004) (discussing difference between dismissing complaint and entire action).

Finally, Defendant notes that the ADEA does not provide for punitive or compensatory damages and that Arnold's prayer for these damages must be struck. See MTD at 9. The government is correct. "[T]he text of the ADEA explicitly provides for back pay, unpaid overtime compensation, and liquidated damages but not compensatory and punitive damages." Lindsey v. Dist. of Columbia, 810 F. Supp. 2d 189, 201 (D.D.C. 2011) (quotation omitted); see also Spaeth v. Georgetown Univ., 839 F. Supp. 2d 57, 65 (D.D.C. 2012). Plaintiff, consequently, should not include such forms of relief in any subsequent Complaint.

**IV.    Conclusion**

While age-discrimination claims should be construed liberally at the motion-to-dismiss

stage, see Spaeth, 839 F. Supp. 2d at 62, the Court cannot "create something out of nothing."

Jianqing Wu v. Special Counsel, Inc., 54 F. Supp. 3d 48, 56 (D.D.C. 2014).  It will thus dismiss

Plaintiff's Complaint, but not the entire action, and give leave to amend.  A separate Order so

stating will issue this day.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date:  May 9, 2017